**BEVERLY COAL CO., Inc., Appellant,**

v.

**Willie T. SMITH et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 8, 1965.

Rehearing Denied Dec. 17, 1965.

Baird & Hays, Pikeville, for appellant.

Friend & Mullins, Pikeville, Stuart E. Alexander, Louisville, for appellees.

PALMORE, Judge.

The Workmen's Compensation Board found Willie Smith totally and permanently disabled from a bad back which two physicians say, on the assumption he did not have

previous back trouble, probably was caused by an accident in the appellant's coal mine. This appeal follows a judgment of the circuit court affirming the award.

Testifying for the defense, Dr. F. J. Burian, of Williamson, West Virginia, said Smith came to him for examination and treatment on January 22, 1963. Dr. Burian caused X-rays to be made. They did not show any bony injury or involvement, so he diagnosed Smith's ailment as lumbosacral strain. The knot in the case is this: On cross-examination Smith had admitted Dr. Burian was his "family doctor" but denied having been treated by him at any time before the accident, which is alleged to have occurred on November 6, 1962. Dr. Burian, however, says that he did see Smith on August 6, 8 and 9 of 1960, at which time Smith complained of back pain and Dr. Burian "thought it was kindly muscular spasm." It was his opinion that the complaints in August 1960 and January 1963 "were just probably on the same category" and that Smith was no more disabled in 1963 than in 1960.

After Dr. Burian had testified, the Board sustained appellant's motion that the Subsequent Claim Fund (now the Special Fund) be made a party defendant and, pursuant to KRS 342.121, appointed Dr. T. Rothrock Miller, of Lexington, to make physical and X-ray examinations of Smith and report his findings. Dr. Miller's report recites among other things that on specific questioning Smith "denied any type of low back difficulty prior to this accident" and concludes as follows:

"I felt it was most likely that this man had a protruded lumbar disc and I feel that this would prevent his doing any type of physical labor. Inasmuch as he denied any previous injury of any significance and there was no significant evidence of any pre-existing diseased condition I must conclude that no significent disability existed prior to November 6, 1962, and that his entire disability at the present is on the basis of the accident which he describes."

Appellant was then permitted to take Dr. Miller's deposition, in which he reiterated his findings but made it clear that if Smith had previously suffered any significant low back disability his conclusion as to the accident's having been the sole cause of the present condition might very well be different. In view of Dr. Burian's testimony appellant moved to strike Dr. Miller's report and deposition on the ground that Smith had withheld information that was necessary to a competent evaluation. The motion was overruled, the Special Fund dismissed, and compensation awarded on the basis of Dr. Miller's findings.

Appellant's position is that the case should be remanded to the Board for further consideration in which Dr. Miller's report would be eliminated or else he would be required to re-evaluate Smith's condition and its causes in the light of Dr. Burian's testimony, which he did not have before him in the first instance.

■ We do not suggest that Dr. Burian's testimony was not true and correct. Nevertheless, it was in direct conflict with what Smith said, and it is unnecessary to cite authority for the proposition that it is the prerogative of the board alone to resolve such conflicts. Dr. Burian was of the opinion that Smith was in the same shape in 1963 as in 1960. From the other evidence there is little doubt that in 1963 he was substantially disabled. Dr. Miller says that if he was performing his usual and customary work up until the time of the accident "I must assume that he was not disabled." Thus we have evidence of non-disability before and disability after the accident, as against Dr. Burian's opinion to the effect that the condition before and after was the same. Appellant's argument would require that Dr. Burian's testimony be given a conclusive effect over substantial evidence to the contrary.

It is our conclusion that Dr. Burian's testimony was not sufficient to require as a matter of law a finding that prior to the accident Smith either was "disabled" within the purview of KRS 342.120(1) (a) or had "a dormant non-disabling disease condition" within the scope of KRS 342.120(1) (b).

The judgment is affirmed.